**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**
**C.A. NO. 4:12-cv-03350-RBH**

| | | |
|---|---|---|
| THELMA CABRERA and MAXINE GARZA, | ) ) ) | |
| PLAINTIFFS, | ) ) | **MEMORANDUM IN SUPPORT OF** |
| vs. | ) ) | **MOTION TO DISMISS OR,** **ALTERNATIVELY, FOR SUMMARY** |
| | ) ) | **JUDGMENT** |
| TARUS DEWAINE ALLEN and MARTEN TRANSPORT, LTD., | ) ) ) | |
| DEFENDANTS. | ) ) | |

COME NOW the Defendants TARUS DEWAINE ALLEN ("Allen") and MARTEN TRANSPORT, LTD. ("Marten")(collectively "Defendants"), by and through their undersigned counsel, and pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, hereby submit the following in support of Defendants' Motion to Dismiss or, alternatively, for Summary Judgment pursuant to Rule 56 as to Plaintiffs' cause of action for negligent entrustment:

## STATEMENT OF RELEVANT FACTS

This matter arises out of a motor vehicle accident occurring on Interstate 95 South near Florence, South Carolina on October 25, 2010 (the "MVA"). Plaintiff Thelma Cabrera ("Cabrera") was operating a 1994 Mazda pick-up truck in which Plaintiff Maxine Garza ("Garza") was a passenger ("Plaintiffs' Vehicle"). Defendant Allen was operating a tractor trailer owned by Defendant Marten ("Defendants' Vehicle"). Plaintiffs' Vehicle was entering Interstate 95 South from an on-ramp.

Plaintiffs filed suit against Defendants for negligence and negligent entrustment, to which Defendants denied liability and raised various affirmative defenses. (See Docket Entry #5.)

<u>ARGUMENT AND CITATIONS OF AUTHORITY</u>

Defendants are entitled to dismissal of or, alternatively, summary judgment on Plaintiffs' cause of action for negligent entrustment as Plaintiffs have failed to allege facts or introduce evidence necessary to support such claim.

I.    SOUTH CAROLINA DOES NOT RECOGNIZE CLAIMS FOR NEGLIGENT ENTRUSTMENT UNDER THE PRESENT FACTUAL CIRCUMSTANCES.

Plaintiffs' cause of action for negligent entrustment should be dismissed because South Carolina courts have limited its application to cases of driving while intoxicated and this is not a case involving such conduct on the part of Defendant Allen.  Pursuant to South Carolina law, "the elements of negligent entrustment are: (1) knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking; (2) the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated; and (3) under these circumstances, the entrustment of a vehicle by the owner to such a driver." Gadson v. ECO Servs. of S.C., Inc., 374 S.C. 171, 176, 648 S.E.2d 585, 588 (2007)(citing Jackson v. Price, 288 S.C. 377, 342 S.E.2d 628 (Ct. App. 1986).

In *Gadson*, the Supreme Court of South Carolina overturned a decision of the Court of Appeals and declined to adopt Restatement (Second) of Torts §§ 308 and 390—which extend liability for negligent entrustment when the owner knows or has reason to know that such person is likely because of his youth, inexperience, or otherwise, to create an unreasonable risk of physical harm to himself and others—choosing rather to apply the aforementioned elements of negligent entrustment espoused in *Jackson*. See id. at 176-77, 648 S.E.2d. at 588.  Plaintiffs' Complaint (Docket Entry #1-1) fails entirely to allege facts sufficient to state a claim for negligent entrustment under South Carolina law.   Moreover, no evidence has been presented or identified in discovery to support any of the requisite elements.

Accordingly, Defendants are entitled to an Order dismissing Plaintiffs' cause of action for negligent entrustment for failure to allege facts or introduce evidence sufficient to state or support a claim for negligent entrustment.

## II.     PLAINTIFFS CANNOT MEET THEIR BURDEN OF PROOF ON THEIR CAUSE OF ACTION FOR NEGLIGENT ENTRUSTMENT.

Notwithstanding the foregoing and upon the hypothetical assumption that South Carolina courts would recognize a claim for negligent entrustment absent impairment on the part of the putative at-fault driver, Plaintiffs' cause of action for negligent entrustment should be dismissed because Plaintiffs have failed to identify an expert to provide the requisite testimony regarding industry standards and any breach thereof.

It is axiomatic that "[t]he burden of proof of negligence and proximate cause is…upon the plaintiff." Bessinger v. De Loach, 230 S.C. 1, 7, 94 S.E.2d 3, 6 (1956).  Plaintiffs have neither alleged nor introduced any evidence of a regulatory violation and, accordingly, Plaintiffs would be required to introduce evidence of a violation of industry standards in order to place their claim for negligent entrustment before the trier of fact.  Expert testimony is required when it concerns matters outside the everyday knowledge and experience of a lay juror. See Fed. R. Evid. 702; Kopf v. Skyrm, 993 F.2d 374, 477 (4th Cir. 1993)(holding the inverse, that courts may exclude expert testimony when "it concerns matters within the everyday knowledge and experience of a lay juror."); United States v. Portsmouth Paving Corp., 694 F.2d 312, 324 (4th Cir. 1982)("[w]here lay jurors are capable of understanding and drawing inferences from the underlying evidence, the proffered [expert] testimony will not assist the jury.").

The applicable standards of the commercial trucking industry are outside the lay juror's everyday knowledge and experience such that Plaintiffs must introduce expert testimony of any applicable industry standards and alleged breach thereof. See Dunham v. Midwest Trucking &

Transp., Inc., 2009 WL 3254468, *4 (W.D.Mo. Oct. 7, 2009)("industry standards and practices in the trucking industry…require[] the type of specialized knowledge Rule 702 requires be given by an expert witness."); Rutstein v. Cindy's Trucking of Illinois, Inc., 2012 WL 8813611, *4 (D.Wyo. Aug. 8, 2012)(determining that "a typical juror may not possess the knowledge or background necessary to understand commercial trucking industry practices or standards.").

As noted above, Plaintiffs have not identified an expert to opine on trucking industry safety or operational standards. Moreover, Plaintiffs have not alleged or introduced any evidence of applicable trucking industry standards or any breach thereof.

CONCLUSION

Based upon the foregoing arguments and citations of authority, Defendants respectfully request that this honorable Court dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, alternatively and pursuant to Rule 56, grant Defendants summary judgment on Plaintiffs' cause of action for negligent entrustment on the grounds that Plaintiffs have failed to allege facts or introduce evidence necessary to support such claim.

Respectfully submitted,

SMITH MOORE LEATHERWOOD, LLP

By:     s/Robert D. Moseley, Jr.
Robert D. Moseley, Jr. (Bar No. 5526)
Joseph W. Rohe (Bar No. 11129)
2 West Washington St., Suite 1100
P.O. Box 87, Greenville, SC 29602
Telephone: (864) 751-7600
Facsimile: (864) 751-7800
rob.moseley@smithmoorelaw.com
joseph.rohe@smithmoorelaw.com
*Attorneys for Defendants*

Greenville, South Carolina

Dated: May 16, 2014