IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Thelma Cabrera and Maxine Garza, ) | Civil Action No.: 4:12-cv-03350-RBH |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Tarus Dewaine Allen and Marten ) | |
| Transport, Ltd., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiffs Thelma Cabrera and Maxine Garza filed this negligence action, which was removed to this Court on November 26, 2012. Defendants Tarus Dewaine Allen and Marten Transport, Ltd. now move to dismiss Plaintiffs' negligent entrustment claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* ECF No. 30. Alternatively, Defendants move for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure, seeking judgment in their favor on the negligent entrustment claim. Plaintiffs filed a timely response to the motion. Neither party has filed any evidence with the Court, including any affidavits or deposition transcripts. After reviewing the complaint and the arguments of the parties in their briefs, the Court grants Defendants' motion to dismiss.

Rule 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." The purpose of such a motion is to test the sufficiency of a plaintiff's complaint. *See Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While this standard "does not require 'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions,' or 'a formulaic recitation of the

elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Rather, to survive a Rule 12(b)(6) motion to dismiss, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Walters*, 684 F.3d at 439 ("[W]hile a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.' " (quoting *Twombly*, 550 U.S. at 570)).  Finally, when ruling on a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In South Carolina, a plaintiff must prove the following elements to prevail on a claim of negligent entrustment:

> (1) knowledge of or knowledge imputable to the owner that the driver was either addicted to intoxicants or had the habit of drinking; (2) the owner knew or had imputable knowledge that the driver was likely to drive while intoxicated; and (3) under these circumstances, the entrustment of a vehicle by the owner to such a driver.

*Gadson ex rel. Gadson v. ECO Servs. of S.C., Inc.*, 648 S.E.2d 585, 588 (S.C. 2007).  A review of Plaintiffs' complaint in light of these elements reveals no allegations of fact to support a claim of negligent entrustment.  There are no specific allegations by Plaintiffs that Defendant Marten Transport knew Defendant Allen was either addicted to intoxicants or had the habit of drinking, or was likely to drive while intoxicated.  Furthermore, there are no specific allegations that Defendant Allen was intoxicated at the time of the accident giving rise to this negligence action.  Accordingly, the Court finds that Plaintiffs have failed to assert a South Carolina negligent entrustment claim "above the speculative level." *Twombly*, 550 U.S. at 555.

CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss Plaintiffs' negligent entrustment claim (ECF No. 30) is **GRANTED**. Furthermore, the Court has searched its docket for an affidavit and verified amended complaint, which are referred to by Plaintiffs in their brief and which Plaintiffs' counsel argues support the denial of Defendants' motion. The Court has not located the documents, and Defendants' brief disputes their existence. Plaintiffs' counsel's attention is directed to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff's counsel shall file a statement with the Court in **THREE DAYS**, **EXPLAINING AND SHOWING CAUSE** why Rule 11 has not been violated.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 24, 2014
Florence, South Carolina

3